NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-96-JMH

FREDRICK C. JACKSON, III                                                         PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

CITY OF PADUCAH, KENTUCKY, ET AL.                                       DEFENDANTS

**** **** **** ****

Fredrick C. Jackson, III, an individual currently incarcerated at a state prison, the Lee Adjustment Center, in Beattyville, Kentucky, has filed a *pro se* civil rights complaint, together with a motion to proceed *in forma pauperis*, which is supported by an affidavit and inmate account statement. The motion will be granted by separate Order.

This matter is before the Court for initial screening.[1] 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

## CLAIMS

The Court construes the plaintiff's allegations as claiming that the defendants have (1) violated his due process and equal protection rights; and (2) committed the state torts of false arrest and false imprisonment.

## NAMED DEFENDANTS

The plaintiff lists three defendants: City of Paducah, Kentucky; Mike Williams, Kentucky State Police; and John Hayden, of the McCracken County Sheriff's Department.

---

[1] Pleadings filed by *pro se* litigants are held "to less stringent standards than formal pleadings drafter by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Thomas v. Eby*, ___F.3d ___, ___, 2007 WL 935706 (6th Cir. 2007).

## RELIEF REQUESTED

Plaintiff seeks unspecified injunctive and declaratory relief and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations, as contained in a common complaint form and attachments. Record No. 2.

The plaintiff provides legal documents referring to charges against him in McCracken Circuit Court, Case Numbers 01-05-1188 and 05-CR-500. The first, written by Defendant Williams, contains a description of Jackson's arrest in a drug sting; the latter document is a February 13, 2005 Order denying Jackson's *pro se* "Motion to Suppress/Direct Verdict."

Jackson claims that he has filed another action about the current subject matter, filing Docket Number 2007-CA-079 in the McCracken Court of Appeals on January 3, 2007; an attachment is a January 18, 2007 Order from the Kentucky Court of Appeals rejecting whatever he had filed for being a deficient pleading.

Plaintiff's handwritten allegations begin, "The Burden of Proof Against the Statue of Limitations To Effect The 8th Amend. of RES Judicata 07-CA-079-OA A Non-Profit organization using the same proceeds of a decided case to pratice law...." and they continue to consist of lists and strings of words and/or phrases. The closing words are: "5. Invasion of privacy – The use of force, to Demand a Search at Gun Pint, Having not the initial Illegality to stop a Vehicle 6. The warrant Exception was not the Plain view Doctrine."

It appears that Plaintiff Jackson was recently convicted in state court and he is now trying to appeal the conviction. His submissions do not contain enough information for the Court to construe more facts or arguments.

DISCUSSION

The Court first examines the propriety of this matter's being before this Court. The record first shows that the complaint was sent by the plaintiff to the Office of the Clerk of the United States District Court for the Eastern District of Kentucky on a form which is commonly used by prisoners in the Eastern District of Kentucky. The plaintiff apparently obtained the form at the Lee Adjustment Center, where he is incarcerated, and it is located in the Eastern District of Kentucky.

There is no special venue statute for civil rights actions, and thus 28 U.S.C. §1391 is controlling. *Jones v. Bales*, 58 F.R.D. 453 (D.C. Ga. 1972), *aff'd* 480 F.2d 805. 28 U.S.C. §1391 requires that actions not based solely on diversity of citizenship be brought in the district where all the defendants reside or in which the claim arose. *Jiminez v. Pierce*, 315 F. Supp. 365 (D.C. N.Y. 1970); *Daugherty v. Procunier*, 465 F.2d 97 (9th Cir. 1972).

The City of Paducah and McCracken County are located within the Western District of Kentucky. The prosecution at issue and the discernable allegations in the complaint occurred in the Western District of Kentucky, and the defendants presumably reside therein. Therefore, proper venue for this complaint is in the Western District of Kentucky.

When a civil action is brought in the wrong district, the federal court may dismiss it or transfer it to the proper district. 28 U.S.C. §1406(a). This Court finds that dismissal is the appropriate disposition, as the complaint must be summarily dismissed pursuant to law handed down by the Supreme Court of the United States, discussed *infra*. It would not serve judicial economy to transfer the matter, only to have that Court proceed to screen it again and come to the same conclusion, *i.e.*, that Plaintiff Jackson has failed to state a claim upon which the Court may grant relief.

The plaintiff is challenging the defendants' roles in his conviction by claiming that each one violated his due process rights and treated him in a discriminatory manner, such that they obtained an unconstitutional conviction against him. Such a complaint is not yet cognizable, however. The Supreme Court of the United States has explained that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a §1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083. Schilling responded by admitting that he had pleaded guilty to driving under the influence and had been unable to overturn the conviction. The district court then dismissed his suit "without prejudice until such time as [Schilling's] conviction is set aside." More recently, the use of *Heck*'s favorable termination rule to bar an excessive force claim has been examined and applied in *Ruiz v. Martin*, 72 Fed.Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230

4

F.3d 226, 230-31 (6th Cir. 2000)).

Applying *Heck* and its progeny to this case, the Court concludes that a judgment in favor of the plaintiff, on his claims against the defendants' roles obtaining his conviction, would necessarily imply that the conviction is illegal. Thus, Petitioner Jackson's claims are not yet cognizable under 42 U.S.C. §1983, and dismissal, without prejudice, is required until a favorable judicial determination occurs--in state court or in a §2254 habeas proceeding after exhausting his remedies in the state courts.

Moreover, the plaintiff's state tort claims would also be dismissed even were venue proper. The federal courts have discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as §1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, when the federal claims against the defendants should be dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994).

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 9th day of April, 2007.



**Signed By:**

*Joseph M. Hood*
**United States District Judge**